UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
:
JERRY ROCCO,
:
:
:
Plaintiff,
:
:
-v-
:                                23-cv-10973 (LJL)
:
:
NEW YORK STATE COURT OFFICERS
:                                MEMORANDUM &
ASSOCIATION,
:                                ORDER
:
:
Defendant.
:
:
------------------------------------------------------------------------X

```
┌──────────────────────────────────────┐
│ USDC SDNY                             │
│ DOCUMENT                              │
│ ELECTRONICALLY FILED                  │
│ DOC #:_____                │
│ DATE FILED:  12/30/2024               │
└──────────────────────────────────────┘
```

LEWIS J. LIMAN, United States District Judge:

Plaintiff Jerry Rocco ("Plaintiff"), moves pursuant to Federal Rule of Civil Procedure 37(a), for an order compelling Defendant, the New York State Court Officers Association, ("Defendant" or "NYSCOA") to (1) produce a Rule 30(b)(6) witness properly prepared to testify to the topics in Plaintiff's November 8, 2024 notice of Rule 30(b)(6) deposition, Dkt. No. 27-1; (2) produce former NYSCOA president Denis Quirk for deposition; (3) to provide full and complete responses to Plaintiff's discovery requests; and (4) to produce documents identified during the deposition of Rule 30(b)(6) witness Stephen Mikos. Dkt. No. 27. Defendant opposes the motion. Dkt. No. 29. The motion is granted in part and denied in part.

Plaintiff's motion for Defendant to produce a properly-prepared Rule 30(b)(6) deponent is granted. "Under Rule 30(b)(6), when a party seeking to depose a corporation announces the subject matter of the proposed deposition, the corporation must produce someone familiar with

that subject." *Reilly v. Natwest Markets Grp. Inc.*, 181 F.3d 253, 268 (2d Cir. 1999). "To satisfy Rule 30(b)(6), the corporate deponent has an affirmative duty to make available 'such number of persons as will' be able 'to give complete, knowledgeable and binding answers' on its behalf." *Id.* (quoting *Securities & Exchange Comm'n v. Morelli,* 143 F.R.D. 42, 45 (S.D.N.Y.1992) (quotations omitted)). "Rule 30(b)(6) deponents need not have personal knowledge concerning the matters set out in the deposition notice. If they do not possess such personal knowledge, however, the corporation is obligated to prepare them so that they may give knowledgeable answers." *Spanski Enterprises, Inc. v. Telewizja Polska, S.A.*, 2009 WL 3270794, at *3 (S.D.N.Y. Oct. 13, 2009) (Lynch, J.); *see Agniel v. Cent. Park Boathouse LLC*, 2015 WL 463971, at *2 (S.D.N.Y. Jan. 26, 2015). "The corporation 'must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources.'" *Beverley v. New York City Health & Hosps. Corp.*, 2024 WL 2125402, at *5 (S.D.N.Y. May 13, 2024) (quoting *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 151 (S.D.N.Y. 1997)). "Producing an unprepared witness is tantamount to a failure to appear." *Kyoei Fire & Marine Ins. Co. v. M/V Mar. Antalya*, 248 F.R.D. 126, 152 (S.D.N.Y. 2007) (quoting *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.,* 171 F.R.D. 135, 151 (S.D.N.Y.1997)). "If a deponent fails to satisfy Rule 30(b)(6) by refusing to designate a witness or producing an unprepared witness, the court may order sanctions, including the preclusion of evidence." *Keepers, Inc. v. City of Milford*, 807 F.3d 24, 36 (2d Cir. 2015).

Defendant failed in its obligations under Rule 30(b)(6). Plaintiff's Rule 30(b)(6) notice of deposition, served on November 8, 2024, called for Defendant to produce a witness with knowledge and information concerning Plaintiff's communication with Denis Quirk regarding Plaintiff's mental impairment, Denis Quirk's communication with the New York State Unified

Court System ("UCS"), Office of Court Administration and its representatives and agents regarding Plaintiff, claims of discrimination filed against the Defendant including Denis Quirk, and Plaintiff's claims of discrimination filed with the New York State Division of Human Rights and the Equal Employment Opportunity Commission against the Defendant.  Dkt. No. 27-1. Defendant did not object to the deposition notice or file a motion for a protective order.  Instead, on November 19, 2024, it produced Mr. Mikos as its Rule 30(b)(6) witness.  Dkt. No. 27-2. However, at deposition, Mr. Mikos testified he was prepared only to testify about why he believed Plaintiff was relieved of his firearm and about the alleged wellness check he performed on Plaintiff.  *Id.* at ECF pp. 9–10.  He had never been shown the 30(b)(6) notice of deposition, *id.* at ECF p. 3.  The only document he reviewed in preparation for his deposition was the complaint which he "pulled from the file." *Id.* at ECF pp. 4–5.  Mr. Mikos testified he had no knowledge of and was not prepared to testify with respect to any of the subjects identified in the 30(b)(6) notice.  *Id.* at 4, 7–9.

Defendant responds that Plaintiff sued the wrong entity—that Plaintiff's complaint is with UCS and not with Defendant, which is the union that represents Plaintiff, and that it cannot produce Mr. Quirk, with whom it no longer has any affiliation.  Dkt. No. 29 at 2–3.  That is not a sufficient response to Defendant's apparent failure to provide a witness who is educated to provide answers on its behalf.  If, after making a "conscientious, good faith endeavor" to produce a properly educated witness, Defendant is unable to answer Plaintiff's questions, then Defendant's obligations will "cease, since the rule requires testimony only as to matters known or reasonably available to the organization."  *Beverly*, 2024 WL 2125402, at *6.  However, Defendant must make that good faith effort to provide a witness who is knowledgeable about the

information reasonably available to it.  Defendant may not simply rest on the denials in its answer.

Plaintiff further argues that Defendant should be compelled to produce Mr. Quirk for deposition.  "Under Rule 30(b)(1) of the Federal Rules of Civil Procedure, a specific officer, director, or managing agent of a corporate party may be compelled to give testimony pursuant to a notice of deposition. A corporate employee or agent who does not qualify as an officer, director, or managing agent is not subject to deposition by notice." *Dubai Islamic Bank v. Citibank, N.A.*, 2002 WL 1159699, at *2 (S.D.N.Y. May 31, 2002).  "[T]ypically a corporation cannot be required to produce a former officer or agent for deposition. *Id.* at *3; *see also Brefka & Hehnke GmbH & Co. v. M/V Glorious Success*, 2002 WL 31415624, at *3 (S.D.N.Y. Oct. 28, 2002).  The examining party bears the burden, which has been described as modest, "of establishing the status of the witness." *Id.* at *4; *see also Grain D'Or LLC v. Wizman*, 2023 WL 2162499, at *4 (S.D.N.Y. Feb. 22, 2023); *Cambridge Cap. LLC v. Ruby Has LLC*, 2022 WL 889143, at *1 (S.D.N.Y. Mar. 24, 2022).

Plaintiff has not met his burden of showing that Mr. Quirk is subject to a deposition pursuant to notice served upon Defendant.  Plaintiff alleges that as President of NYSCOA, Quirk exercised authority over him and, in conjunction with USC, determined the terms and conditions of his employment and acted as a joint employer.  Dkt. No. 1 ¶¶ 26–27.  Defendant asserts that Mr. Quirk "is no longer the President nor does he have any affiliation with Defendant."  Dkt. No. 29 at 2.  There is no evidence that he is an agent of Defendant or that he has "some actual or potential managerial authority." *Grain D'Or*, 2023 WL 2162499, at *3.  As Plaintiff admits, Mr. Mikos testified that he replaced Mr. Quirk in November 2023, Dkt. No. 27 at 2 n.1, which was

before this action was filed in December 2023, Dkt. No. 1.  Accordingly, the motion to compel Defendant to produce Mr. Quirk is denied.

Finally, Plaintiff argues that Defendant has provided deficient responses to Interrogatories Nos. 7–14 and has otherwise simply interposed boilerplate objections without providing responsive information.  Dkt. No. 27 at 3.  Interrogatories Nos. 7–14 call for Defendant to identify all documents which support each of its eight affirmative defenses.  Dkt. No. 27-4.  In response, Defendant directed Plaintiff to its document responses.  Dkt. No. 27-6.  Plaintiff did ask for documents supporting the affirmative defenses in his request for the production of documents and Defendant responded to that request.  Dkt. No. 27-7.  Defendant responds that it conducted a full search for documents responsive to Plaintiff's request and that it produced the responsive documents.  Dkt. No. 29 at 3.  Plaintiff has cited to no "specific evidence to challenge" that assertion. *Beverly*, 2024 WL 2125402, at *10.  "[A] party is not obliged to produce . . . documents that it does not possess or cannot obtain." *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 138 (2d Cir. 2007).  Plaintiff appears to complain that Defendant did not identify which documents support which defenses, but under Rule 34, the producing party need only "produce documents as they are kept in the usual course of business." Fed. R. Civ. P. 34(b)(2)(E)(i).[1]

Defendant is ordered to produce a properly-prepared 30(b)(6) witness and any documents in possession of Mr. Mikos that are responsive to Plaintiff's requests within two weeks of this Order.  Plaintiff's motion is otherwise denied.

---

[1] Plaintiff asserts that Mr. Mikos testified that he had possession of documents which Defendant had not produced.  To the extent that Mr. Mikos has possession of documents responsive to Plaintiff's request for production of documents, those documents shall be produced within two weeks of this Order.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 27.

SO ORDERED.

Dated: December 30, 2024
       New York, New York
                                        _____
                                                LEWIS J. LIMAN
                                          United States District Judge